**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ANITA OGLESBY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 09-cv-0590-MJR |
| | ) | |
| **LIME FINANCIAL SERVICES, LTD.;** | ) | |
| **LNV CORPORATION; MORTGAGE** | ) | |
| **ELECTRONIC REGISTRATION** | ) | |
| **SYSTEMS, INC., a/k/a MERS;** | ) | |
| **ULTIMATE TITLE, INC.; EQUITY ONE** | ) | |
| **MORTGAGE; SOLOMON BUTLER;** | ) | |
| **EAGLE INVESTORS; VENETHA A.** | ) | |
| **DAVIS a/k/a DENETHA A. DAVIS a/k/a** | ) | |
| **ANN GRIFFIN; and KERRY DAVIS a/k/a** | ) | |
| **KERRY GRIFFIN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM and ORDER**

**REAGAN, District Judge:**

Pursuant to Federal Rule of Civil Procedure 54(b), Plaintiff Anita Oglesby moves to voluntarily dismiss, without prejudice, her claims against Defendants Lime Financial Services, Ltd., Mortgage Electronic Registration Systems, Inc., LNV Corporation, Ultimate Title, Inc., Equity One Mortgage, Solomon Butler and Eagle Investors (Doc. 61). Oglesby states that she has settled her claims against these Defendants. Oglesby also moves the Court to grant her pending motion to remand (Doc. 11) as to Venetha Davis and Kerry Davis, with whom she has not reached a settlement agreement. Greatly simplified, Oglesby's complaint alleged various claims against Defendants, based on repairs and financing for repairs to her home.

Rule 54(b) of the Federal Rules of Civil Procedure provides that when an action

involves multiple parties, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." **FED. R. CIV. P. 54(b)**. Because Oglesby submits that she has settled her claims against Defendants Lime Financial Services, Ltd., Mortgage Electronic Registration Systems, Inc., LNV Corporation, Ultimate Title, Inc., Equity One Mortgage, Solomon Butler and Eagle Investors, the Court finds no just reason for delay. Accordingly, the Court **GRANTS** Oglesby's motion (Doc. 61) and **DISMISSES** this action without prejudice as to these Defendants.

As to the remaining Defendants, Venetha and Kerry Davis, Oglesby asks the Court to remand her claims against these Defendants to the Circuit Court of St. Clair County, Illinois. Oglesby argues that this action must be remanded because, when LNV filed its Notice of Removal, four other Defendants had been served and did not join in the Notice. Moreover, Defendants who ultimately consented to removal did not do so with the 30-day time limit required by 28 U.S.C. § 1446(b). If Oglesby is correct, this Court lacks subject matter jurisdiction and may not entertain this action.

"Generally, objections to defects in the removal procedure are waived unless they are made within thirty days after the filing of the notice of removal." ***Gossmeyer v. McDonald*, 128 F.3d 481, 489 (7th Cir. 1997); 28 U.S.C. § 1447(c).** Here, Oglesby filed her remand motion on August 27, 2009, within thirty days of LNV's August 4 removal (*See* Docs. 3, 11). Accordingly, Oglesby has not waived this argument, and the Court must determine whether LNV's removal is procedurally adequate.

The United States Court of Appeals for the Seventh Circuit has emphasized that federal district courts "are obliged to police the constitutional and statutory limitations on their

2

jurisdiction." ***Krueger v. Cartwright,* 966 F.2d 928, 930 (7th Cir. 1993);** ***Joyce v. Joyce,* 975 F.2d 379, 386 (7th Cir. 1992);** ***Kanzelberger v. Kanzelberger,* 782 F.2d 774, 777 (7th Cir. 1986).** Stated another way, this Court's exercise of subject matter jurisdiction is constrained by the well-established rule that federal district courts must interpret the removal statute narrowly and "presume that the plaintiff may choose his or her forum." ***Doe v. Allied-Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993).** Any doubts regarding jurisdiction should be resolved in favor of remand to state court. ***See id.,* 985 F.2d at 911, *citing Jones v. General Tire & Rubber Co.,* 541 F.2d 660, 664 (7th Cir. 1976)**.

**28 U.S.C. § 1446(b)** provides that a notice of removal normally must be filed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." In the case at bar, this matter became removable on July 27, 2009, when LNV was served. Accordingly, pursuant to **28 U.S.C. § 1446(b),** LNV had thirty days from July 27 - until August 26 - to file a proper notice of removal.

Oglesby submits affidavits of service showing that Solomon Butler, Eagle Investors, Mortgage Electronic Registration Systems, Inc., and Lime Financial were served - and the affidavits of service were filed with the Circuit Court Clerk's Office - prior to the August 4 removal (Doc. 11, Exhibits A-D). Additionally, the record reveals that, although Butler, Eagle Investors, Mortgage Electronic Registration Systems, Inc., and Lime Financial have now consented to the removal, they did not join in the notice of removal within the 30-day time limit set forth in § 1446(b) (Docs. 38-40, 42).

The law of this Circuit plainly holds that removal is improper where all served

3

defendants have not joined in removal. *See, e.g., McMahon v. Bunn-O-Matic Corp.*, **150 F.3d 651, 653 (7th Cir. 1998);** *Roe v. O'Donohue*, **38 F.3d 298, 301 (7th Cir. 1994), abrogated on other grounds,** *Murphy Bros., Inc. v. Michetti; Pipe Stringing, Inc.*, **526 U.S. 344 (1999)**. "...Defendants, then, are to be treated collectively; and, as a general rule, all defendants who may properly join in the removal petition must join." ***P.P. Farmers' Elevator Company v. Farmers Elevator Mutual Insurance Co.,* 395 F.2d 546, 547 (7th Cir. 1968);** *see also McDonald,* **128 F.3d at 481 (as a general rule, all defendants must join in a notice of removal in order to effectuate proper removal);** *Northern Illinois Gas Co. v. Airco Indus. Gases,* **676 F.2d 270, 272 (7th Cir. 1982)(same);** *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen and Assistants' Local 349,* **427 F.2d 325, 326-27 (5th Cir. 1970)(same);** *Getty Oil Corp. v. Insurance Company of North America,* **841 F.2d 1254, 1262-63 (5th Cir. 1988)(same);** *Ortiz v. General Motors Acceptance Corp.,* **583 F.Supp. 526 (N.D.Ill. 1984)(same)**. Moreover, "[g]enerally, all defendants must join in a removal petition or consent to such removal within the thirty-day time limit established by subsection 1446(b)." ***Eltman v. Pioneer Communications of America, Inc*., 151 F.R.D. 311, 314 (N.D.Ill. 1993),** *citing Shaw v. Dow Brands, Inc*., **994 F.2d 364, 368 (7th Cir. 1993);** *Chicago, Rock Island & Pac. Ry. Co. v. Martin*, **178 U.S. 245, 248 (1900);** *Northern Ill. Gas Co. v. Airco Indus. Gases*, **676 F.2d 270, 272 (7th Cir. 1982)**.

All served Defendants did not join in the removal at the time that LNV filed its Notice of Removal, and the later-filed consents to removal were not filed within the 30-day time limit set forth in 28 U.S.C. § 1446(b). "A removed matter must be remanded if there are any defects in the removal procedure." *Eltman,* **151 F.R.D. at 314,** *citing Shaw,* **994 F.2d at 366;** *In re Amoco Petroleum Additives Co.*, **964 F.2d 706, 708 (7th Cir. 1992)**.

4

For these reasons, the Court finds that defects in the removal procedure deprive this Court of jurisdiction and that this case must be remanded. Accordingly, because this case was improperly removed to this District Court, the Court **GRANTS** Oglesby's motion (Doc.11) and **REMANDS** this case as to Defendants Venetha Davis and Kerry Davis to the Circuit Court of St. Clair County, Illinois.

In summary, the Court **GRANTS** Oglesby's motion to voluntarily dismiss, pursuant to Federal Rule of Civil Procedure 54(b) (Doc. 61), and **DISMISSES** this action, without prejudice, as to Defendants Lime Financial Services, Ltd., Mortgage Electronic Registration Systems, Inc., LNV Corporation, Ultimate Title, Inc., Equity One Mortgage, Solomon Butler and Eagle Investors. The Court **GRANTS** Oglesby's motion to remand (Doc. 11) as to Defendants Venetha Davis and Kerry Davis and **REMANDS** this action as to these Defendants to the Circuit Court of St. Clair County, Illinois.

**IT IS SO ORDERED.**

**DATED this 27th day of January, 2010.**

s/Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**